JANUARY TERM, 1883, No. 58.              JANUARY 26, 1883.

# Pennypacker *vs.* Camden and Atlantic Railroad Company.

1. In order to entitle plaintiff to judgment for want of an affidavit of defense upon a guarantee of the defendant indorsed upon the bonds of another railroad company, the fact creating the power to make the guarantee should be averred.

2. A statement of claim filed without such averment is not sufficient to establish the legal liability of the defendant.

[Pennypacker v. Camden and Atlantic Railroad Company.]

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, J. J.

Error to the Court of Common Pleas, No. 2, of *Philadelphia County.*

Covenant by Anna M. W. Pennypacker against The Camden and Atlantic Railroad Company upon ten coupon bonds of the May's Landing and Egg Harbor City Railroad Company, guaranteed by the Camden and Atlantic Railroad Company.

The plaintiff filed a claim for overdue coupons and interest as follows :

Bond.

$500.       United States of America,       $500.
State of New Jersey.

May's Landing and Egg Harbor (No. 46) City Railroad Company.

The May's Landing and Egg Harbor City Railroad Company acknowledge themselves indebted to Robert Frazer in the sum of five hundred dollars, which sum they promise to pay to the said Robert Frazer, or bearer, the first day of October, A. D. 1900, with interest, at the rate of seven per cent. per annum, payable half yearly, on the first days of April and October, each year, on the presentation and delivery of the proper coupon hereunto annexed, at the office of the Camden and Atlantic Railroad Company, in Camden.

The holder of this bond is secured by a first mortgage, dated October 1, 1871, on all of the estate of the company, executed and delivered to John H. Doughty and Israel S. Adams, in trust, to secure the full and final payment of such bonds as shall be issued by the said company, not exceeding in the whole $37,500, according to the terms of said mortgage deed.

In witness whereof, the said company have caused this bond to be attested in their behalf by their president and secretary, and their common seal to be hereunto affixed at their office, in the village of May's Landing, this first day of October, in the year of our Lord one thousand eight hundred and seventy-one.

J. E. P. ABBOTT,
*President.*

C. R. COLWELL,
          *Secretary.*

{        SEAL.        }
{M. L. & E. H. C. R. R. Co.}

[Pennypacker *v.* Camden and Atlantic Railroad Company.]

The within bond, No. 46, is one of those bonds issued by the May's Landing and Egg Harbor City Railroad Company, to the amount of $37,500, and the mortgage therein created has been duly executed, recorded, and delivered.

JOHN H. DOUGHTY, } *Trustees.*
ISRAEL S. ADAMS,   }

---

### Annexed Coupon.

No. 19.                                              $17 50.

Warrant for seventeen ₁₀₀⁵⁰ dollars.   Being half yearly interest on Bond No. 46 of the May's Landing and Egg Harbor City Rail Road Company, payable April 1, 1881.

C. R. COLWELL,                      J. E. P. ABBOTT,
      *Secretary.*                        *President.*

---

### Indorsement on Bond.

Payment of the principal and interest of the within Bond is guaranteed by the Camden & Atlantic Rail Road Company.

ROBERT FRAZER,
*President Camden and Atlantic Railroad Company.*
Attest: H. WHITEMAN,
                *Secretary.*

{ C. & A. R. R. Co. } SEAL.

[NOTE.—Copies of bonds Nos. 47, 48, 49, 50, 51, 52, 54. 55, and 56 were also filed, and are identical in form with No. 46 ; also, copies of coupon No. 20, accompanying each bond, which is identical in form with coupon No. 19, except that the date of payment is October 1, 1881.]

The plaintiff avers that all the coupons, copies of which are herewith filed, were presented at the office of the Camden and Atlantic Railroad Company in Camden on the 16th day of March, A. D. 1882, by H. C. Pennypacker, agent for the plaintiff, who was at that time the owner of the said coupons, and that payment of the same was refused.

The defendant filed an affidavit of defense by C. D. Freeman, setting forth "that he is the president of the Camden and Atlantic Railroad Company, the defendant

[Pennypacker *v.* Camden and Atlantic Railroad Company.]

above named, and he suggests that upon the copy filed in the above-entitled case, the plaintiff is not entitled to judgment for want of an affidavit of defense."

Whereupon plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which the Court below subsequently discharged.

Plaintiff then took out a writ of error, assigning as error the discharge of the rule and the refusal to enter judgment for the plaintiff.

*S. W. Pennypacker* for plaintiff in error.

The copies filed show an original and primary obligation upon the part of the defendant. The language of the bond shows a promise on the part of the May's Landing Company that defendant will pay the coupons on presentation. The indorsement shows a ratification by defendant of the promise of the other company. The whole is one original and entire transaction: Snevily *v.* Johnston, 1 W. & S., 309; Amsbaugh *v.* Gearhart, 1 Jones, 482; Ashton *v.* Bayard, 21 P. F. Sm., 139; Allen *v.* Eighmie, 14 Hun., 559; Leonard. *v.* Vredenburgh, 8 Johns., 29.

The contract is one of suretyship, and defendant is liable in the first instance: Campbell *v.* Baker, 10 Wr., 243; Roberts *v.* Riddle, 29 P. F. Sm., 468; Street *v.* Silver, Brightly's Rep., 96; Reigart *v.* White, 2 P. F. Sm., 438; Brown *v.* Curtis, 2 N. Y., 225; Bank *v.* Livingston, 2 Johns. C., 409; Burnham *v.* Gallentine, 11 Ind., 295; Stout *v.* Stevenson, 1 Southard, 181; Sibley *v.* Stull, 3 Green, 333.

The averments accompanying the copy filed are within the rule: Imhoff *v.* Brown, 6 Casey, 506; Bank *v.* Thayer, 2 W. & S., 443.

*Richard C. Dale* and *Samuel Dickson* for defendant in error.

Snevily *v.* Johnston, 1 W. & S., 307, was the indorsement of a guarantee upon a negotiable note, a case where the guarantee was surplusage and simply expressed the contract which the law imposed upon the indorser. To the same effect is Amsbaugh *v.* Gearhart. Ashton *v.* Bayard rests upon the phraseology used.

The indorsement is a mere guarantee: Seiple's Ap., 11 W. N. C., 392.

A corporation cannot make a valid guarantee of the bonds of another corporation without express statutory authority, which must be affirmatively established. The

[McLean *v.* McCaffrey *et al.*]

Court cannot take judicial notice of the existence of a private statute giving such authority : Timlow *v.* Phila. & Reading R. R. Co., 11 W. N. C., 218.

This doctrine would apply with greater force to the statutes of a foreign state.

*Pennypacker* in reply :

Snevily *v.* Johnson and Amsbaugh *v.* Gearhart were decided upon the ground that the guarantee was made at the date of the note, and that the whole constituted one transaction : Woods *v.* Sherman, 21 P. F. Sm., 104. In Seiple's Appeal, *supra,* the guarantee was no part of the original contract. In Timlow *v.* R. R. Co., the want of authority was set up in the affidavit.

The Court will presume from the execution of the contract the power to make it: Broom's Leg. Max., 948 ; St. Mary Magdalen *v.* Atty. Gen'l, 6 H. of L. Cases, 189 ; Robins *v.* Bellas, 4 Watts, 256.

FEBRUARY 5, 1883.—PER CURIAM : The statement of plaintiff's claim filed is not sufficient to establish the legal liability of the defendant. It does not aver any fact giving this corporation power to guarantee the payment of a bond of another corporation. Such an act is not within its implied powers ; when the power is claimed to exist, the fact creating it should be averred. The Court committed no error in refusing to enter judgment for the plaintiff. Therefore, writ of error dismissed at the costs of the plaintiff, but without prejudice to his right to trial by jury and second writ of error after final judgment.                                              o